IN THE UNITED STATES DISTRICT COURT
FOR CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION FOR AN ORDER AUTHORIZING A PEN REGISTER AND TRAP AND TRACE DEVICE,THE DISCLOSURE OF TELECOMMUNICATIONS RECORDS AND/OR INFORMATION, AND A WARRANT FOR PRECISE LOCATION INFORMATION | Case No. *3:17mJ971 -SALM* **Filed Under Seal** |

United States District Court
District of Connecticut
FILED AT   NEW HAVEN

_5.18_ _____20_ 17
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

### AFFIDAVIT

Michael Cogan, being duly sworn, deposes and states as follows:

1.  This affidavit is submitted in support of an application for an Order authorizing the installation and use of pen-register devices or processes, trap-and-trace devices or processes, and the disclosure of certain electronic communications records and/or information, with regard to cellular telephone number (203) 676-9384 ("Target Telephone"), which are set forth in the application in support of which this affidavit is made.    The aforementioned information and records (hereafter "Pen Register Information") have not been requested previously.

2.  Target Telephone is a cellular telephone with service provided by Sprint, which is subscribed to by Jugo Sequino at PO Box 15955, Lenexa KS 66285, and which I believe to be used by Edwin RODRIGUEZ and Michael SMITH.

3.  With regard to the aforementioned Pen Register Information, this affidavit sets forth a) sufficient information to establish that there are reasonable grounds to believe that the information likely to be obtained by the installation and use of a pen register device or

process and a trap-and-trace device or process on Target Telephone is relevant to an ongoing investigation; and, b) sufficiently specific and articulable facts to establish that there are reasonable grounds to believe that the electronic communications records and/or information sought is relevant and material to an ongoing criminal investigation.

4.    This affidavit is also submitted in support of, and serves as, an application for a warrant pursuant to Federal Rule of Criminal Procedure 41 and Sections 18 U.S.C. 2703(c)(1)(A) and 2711(3), authorizing agents of the DEA to ascertain the physical location of Target Telephone, including but not limited to E-911 Phase II data or other precise location information concerning this Target Telephone (the "Requested Location Information"),[1] for a period of thirty (30) days.

5.    With regard to the Requested Location Information, for the reasons set forth herein, there is probable cause to believe that the offenses listed below have been committed, are being committed, and will continue to be committed by the user of Target Telephone, as described more fully below.   There is, moreover, probable cause to believe that the Requested Location Information will constitute or lead to evidence of these offenses, including but not limited to the location and seizure of Target Telephone and the location of places and persons associated with the illegal activities of the users of the Target Telephone.

---

[1]Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the Target Telephone at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause.   See In re Application, 460 F. Supp. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. 2703(d) & 3121 et seq.).

6.      I am an investigative or law enforcement officer of the United States within the meaning

of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States

who is empowered by law to conduct investigations and to make arrests for federal felony

offenses. I have been employed as a Special Agent with the DEA for approximately 14

years.   Prior to becoming a Special Agent, I was a police officer in the state of

Connecticut (CT) for approximately 6 years. During my tenure as a police officer and

Special Agent, I have participated in numerous criminal investigations, including

investigations into suspected narcotics trafficking.   I am currently assigned to the New

Haven District Office, Organized Crime Drug Enforcement Task Force, ("Task Force")

which is composed of personnel from the DEA, United State Marshal Service ("USMS"),

New Haven Police Department ("NHPD"), West Haven Police Department ("WHPD"),

Branford Police Department, ("BPD"), Meriden Police Department ("MPD"), Ansonia

Police Department ("APD"), Derby Police Department (DPD), and Hamden Police

Department ("HPD").   Prior to my current assignment at the DEA NHDO, I was

assigned to the DEA New York Field Division where I had experience investigating high

level money launderers and narcotics traffickers both on a domestic and international

level and in doing so, have traveled to many states within the United States such as

Florida, California, Georgia, Virginia, and Chicago as well as other countries to include

Mexico, Colombia, Dominican Republic, and Moldova in furtherance of these

investigations.

7.      I have received instruction relative to conducting drug investigations while attending the

DEA training academy in Quantico, VA, the Connecticut Police Academy (POSTC) in

Meriden, Connecticut as well as numerous training classes relative to narcotics

trafficking.   Over the past fifteen (15) years in law enforcement, I have participated in

numerous seizure warrants which have resulted in the seizure of narcotics, United States

currency, assets acquired with drug proceeds and assets utilized to facilitate drug

activities.

8.   I have participated in numerous investigations involving individuals suspected of

distributing illegal drugs, coordinated controlled purchases of illegal drugs utilizing

cooperating witnesses, confidential sources and undercover agents/officers, obtained and

coordinated the execution of search and arrest warrants pertaining to individuals involved

in the distribution of illegal drugs. Moreover, I have conducted electronic as well as

physical surveillance of individuals involved in illegal drug distribution, analyzed records

documenting the purchase and sale of illegal drugs, provided testimony in Grand Jury

proceedings, and spoken with informants and subjects, as well as other local, state and

Federal law enforcement officers, regarding the manner in which drug distributors obtain,

finance, store, manufacture, transport, and distribute their illegal drugs. In addition, I

receive periodic in-service training relative to conducting drug investigations. In the

course of my duties, I have assisted state and federal prosecutors prepare affidavits in

support of applications for Federal/State search warrants and arrest warrants, and have

executed numerous Federal/State search and arrest warrants. I have supervised the

activities of cooperating witnesses who have provided information and assistance in both

state and federal prosecution of drug offenders. Since 2003, I have participated in

multiple Title-III investigations and have served as case agent and co-case agent on other

Title-III investigations.   As a result of my training and experience, I am familiar with the

manner in which controlled substances are commonly imported, manufactured,

processed, packaged and distributed. I know the relative wholesale and retail value of various types of controlled substances. I am familiar with behaviors, methods and common practices of persons and organizations that illegally import and distribute controlled substances, as well as the devices commonly utilized by them.

9.    As part of my duties, I am currently participating in an investigation into suspected narcotics trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 846, by Michael Smith, Edwin Rodriguez and others, including others yet unknown or not yet fully identified. I am familiar with the facts and circumstances of the aforementioned investigation as a result of my personal participation in the investigation; from discussions with agents of the Drug Enforcement Administration ("DEA") and other law enforcement personnel; from information provided by witnesses involved in the investigation; and from my review of records, reports and affidavits relating to the investigation.   Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer or witness who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken or whose reports I have read and reviewed.   Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.   The information contained in this affidavit is based on this familiarity, and upon information which I have reviewed and determined to be accurate and reliable. Since this affidavit is being submitted for the limited purpose of the aforementioned authorizations, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are essential to establish the foundation necessary to support the issuance of the requested court orders.

## Background of Investigation

10.  The DEA New Haven Office is investigating suspected heroin trafficking by Michael
     SMITH and others in and around New Haven, CT. Confidential Informant 1 (CI-1) is
     known to me to be a heroin user in the New Haven area who began providing information
     to law enforcement in late 2016.   Since that time, information provided by CI 1 has been
     corroborated by independent investigation and/or by information provided by other
     known, reliable informants, and has, itself proven to be accurate and reliable.
     According to CI 1, he/she has obtained heroin from SMITH and other members of his
     organization on multiple occasions.   According to CI-1, SMITH and RODRIGUEZ used
     other cellular telephone numbers for this purpose before becoming aware of the number
     for the Target Telephone.

11.  CI-1 has identified booking photographs of Michael SMITH and Edwin RODRIGUEZ as
     two individuals from whom he/she has purchased heroin over the earlier telephone and
     the Target Telephone.   In December 2016, CI-1 provided a telephone number (203-668-
     7767) the "Predecessor Number" over which she/he was able to purchase heroin from
     SMITH and/or RODRIGUEZ.   Tolls records for a cellular telephone which was used by
     CI-1 in the supervised purchase of heroin on January 04, 2017 was in contact with the
     earlier SMITH/RODRIGUEZ number 132 times between December 06, 2016 and
     January 04, 2017.

12.  On February 07, 2017, based on the aforementioned facts listed above, an affidavit was
     presented to the Honorable Sarah A.L. Merriam, United States Magistrate Judge for the
     District of Connecticut seeking authorization for a Pen Register, trap and trace device,
     disclosure of telecommunications records/information as well as a warrant for precise

location information.   After reviewing the warrant application, authorization was granted by Judge Merriam.   Shortly thereafter, activity on the pen register began to slow down and it appeared as though this telephone was no longer the primary telephone being used to facilitate the drug distribution activities of SMITH and RODRIGUEZ.

13.   In February 2017, CI-1 provided the "Successor" Telephone number (203-901-8189) being used by SMITH and or RODRIGUEZ.

14.   On March 27, 2017, based on the aforementioned facts listed above, an affidavit was presented to the Honorable Joan G. Margolis, United States Magistrate Judge for the District of Connecticut seeking authorization for a Pen Register, trap and trace device, disclosure of telecommunications records/information as well as a warrant for precise location information.   After reviewing the warrant application, authorization was granted by Judge Margolis.   Shortly thereafter, activity on the pen register began to slow down and it appeared as though this telephone was no longer the primary telephone being used to facilitate the drug distribution activities of SMITH and RODRIGUEZ.

15.   In April 2017, CI-1 provided the "Successor" telephone number (203-676-9384) being used by SMITH and/or RODRIGUEZ, which has been designated as the Target Telephone.

16.   On April 20, 2017, plans were formulated for CI 1, hereinafter referred to as the CI, to contact the Target Telephone and arrange for the purchase of one "bundle" of heroin from Edwin RODRIGUEZ and/or Michael SMITH utilizing $70.00 of DEA OAF.

17.   On that same date, at approximately 2:40 p.m., investigators met with the CI at a pre-

arranged location.

18.    At approximately 2:47 p.m., in the presence and under the direction of the investigators, and with investigators able to view the digits dialed by the CI, the CI placed a telephone call to the "Target Telephone."   During the call, which was overheard by the investigators, the CI spoke to Edwin RODRIGUEZ, who told the CI to go to the intersection of Clinton Street and Pine Street, after which the call was terminated. It should be noted that investigators were able to view the digits dialed by CI 1, and they correspond to Target Telephone.

19.    Prior to departing the pre-arranged location, investigators searched the CI and the CI's vehicle for any monies and/or contraband. The search of the CI's vehicle revealed that there was $3.00 in United States Currency (USC) in the vehicle.   At this point, investigators secured the money until after the controlled purchase of evidence was completed.   Investigators then provided the CI with $80.00 of DEA funds.

20.    Moments later, the CI departed the pre-arranged location and traveled directly to the agreed upon meet location, followed by investigators.   The CI parked his/her vehicle on Pine Street where he/she waited for several minutes. Moments later investigators were informed by the CI that he/she saw RODRIGUEZ coming to the area and then he disappeared in the same white vehicle that he/she has recently seen him in before.   It should be noted that the results of administrative subpoenas from Enterprise Holdings has revealed that Keilah BORIA, the girlfriend of Michael SMITH, currently has a white Infiniti QX30 bearing Connecticut registration AH97379 rented under her name.   On April 19, 2017, video footage captured on a pole camera on Exchange Street in New Haven saw the same vehicle parked in close proximity to SMITH and RODRIGUEZ'

8

residence on Exchange Street where both SMITH and RODRIGUEZ were observed with other unidentified individuals milling around SMITH's residence.   It should be noted that there have been other vehicles rented by BORIA that have been observed being operated by SMITH and or RODRIGUEZ during other controlled purchases of heroin at the direction of DEA and FBI personnel.

21.     At approximately 3:10p.m. Investigators observed a white SUV pull onto Pine Street and then saw the CI vehicle begin to follow the white SUV onto Pine Alley and out of sight from investigators.   Investigators were unable to see a license plate on the white SUV.

22.     At approximately 3:15 p.m. investigators observed the CI departing the area of the meet location where he/she was followed to a neutral location by investigators.

23.     Immediately after the buy, investigators met with the CI at the pre-arranged meet location. At that time the CI relinquished to investigators custody of a tan powder substance contained within (1) one plastic bag.  Subsequently, investigators tested a representative sample of the tan powder utilizing a Sirchie# 3 Test Kit, which tested positive for the presumptive presence of heroin.

24.     Investigators searched the CI and the CI's vehicle for monies and/or contraband after the controlled purchase. The search was negative and the CI was then given back his/her $3.00 USC.    At this point, the CI also returned the $10.00 OAF to investigators that RODRIGUEZ gave to him/her for the change on the purchase of heroin.

25.     According to the CI, he/she stated she/he saw RODRIGUEZ in the white car again a short time later in front of her/him on Pine Street and she/he began to follow it.   The CI stated that RODRIGUEZ pulled over on the side of the street where he/she met with RODRIGUEZ who was the sole occupant of the white SUV.   The CI stated that when

he/she approached the white SUV she/he spoke to RODRIGUEZ through the open window.   The CI stated that he/she obtained the heroin from RODRIGUEZ.   The CI stated that she/he observed a larger size bag that in the car that contained other heroin and possibly crack cocaine.   The CI stated that he/she also observed RODRIGUEZ with a "wad" of cash as RODRIGUEZ gave her/him $10.00 change from the purchase of heroin.

26.     It should also be noted that a review of telephone toll information for the Target Telephone discloses that, from April 18, 2017 through April 20, 2017, the telephone used by CI 1 to make the above referenced contacts called or was called by the Target Telephone 20 times, with 2 of the calls being texts and 18 being voice contacts.   This is consistent with my knowledge that CI 1 is an active heroin customer of the Smith DTO.

## AUTHORIZATION REQUEST

27.     This affidavit sets forth reasonable grounds to believe the information likely to be obtained by the installation and use of a pen-register device or process and trap-and-trace device or process on Target Telephone is relevant to the ongoing criminal investigation described above, as required by Title 18, United States Code, Section 3123(a).   In addition, this affidavit sets forth specific and articulable facts showing that there are reasonable grounds to believe the electronic communications records and/or information concerning Target Telephone is relevant and material to the ongoing criminal investigation described above, as required by Title 18, United States Code, Section 2703(d).   Among other things, this information ("Pen Register Information") will assist in identifying co-conspirators of SMITH and RODRIGUEZ by enabling agents to determine who is contacting SMITH and/or RODRIGUEZ and whom they are contacting, in suspected furtherance of drug

distribution activities, and will assist agents in ascertaining the general locations in which Target Telephone has been and is being utilized.

28. Accordingly, it is requested that the Court authorize the installation and use of a pen-register device or process and trap-and-trace device or process on Target Telephone pursuant to Title 18, United States Code, Section 3123(a), and the disclosure of electronic communications records and/or information concerning Target Telephone pursuant to Title 18, United States Code, Section 2703(d).

29. In addition, based upon the information set forth herein, there is probable cause to believe, and I do believe, that the precise location information requested herein ("Requested Location Information") will constitute or lead to evidence of the Target Offenses.   There is probable cause to believe that RODRIGUEZ and/or SMITH are utilizing Target Telephone, and that the Requested Location Information will assist in locating Target Telephone, which has been used in furtherance of narcotics trafficking activities, will enable agents to meaningfully direct surveillance efforts, and will, correspondingly, assist in the location of RODRIGUEZ and/or SMITH and their confederates and customers, as well as the locations they frequent in connection with their illegal activities.

30. Accordingly, pursuant to Federal Rule of Criminal Procedure 41 and Title 18, United States Code, Sections 2703(c)(1)(A) and 2711(3), it is requested that the Court issue a warrant and Order authorizing agents of the DEA to obtain the Requested Location Information for a period of thirty (30) days.

31. It is further requested that the Court direct the carrier for Target Telephone to assist agents of the DEA by providing all information, facilities, and technical assistance

needed to ascertain the Requested Location Information, and further direct the carrier for the Target Telephone to initiate a signal to determine the location of the Target Telephone on the carrier's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed warrants, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user of the Target Telephone, for a period of thirty (30) days.   Reasonable expenses incurred pursuant to this activity will be processed for payment by the DEA.

32.    It is further requested that the Court authorize execution of the warrants at any time of day or night, owing to the potential need to locate the Target Telephone outside of daytime hours.

33.    It is further requested that the warrant and this affidavit and any other related documents, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the DEA, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and the carrier for Target Telephone necessary to effectuate the Court's Order.

34.    It is further requested that, pursuant to Title 18, United States Code, Section 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for

a period of 30 days after the termination of the monitoring period authorized by the

warrants or any extensions thereof, because there is reasonable cause to believe that

providing immediate notification would seriously jeopardize the investigation.

Respectfully submitted,

Michael R. Cogan
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on this 12ᵀ day of May 2017, at New Haven, Connecticut.

/s/ Sarah A. L. Merriam, USMJ

HONORABLE SARAH A.L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

14